**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
BRENDALEE MELENDEZ-TORRES,    *
et al.                         *
                               *
      Plaintiffs               *
                               *
v.                             *        Civil No. 06-1264(SEC)
                               *
AMERICAN EXPRESS CORP., et al. *
                               *
      Defendants               *
***********************************
```

**OPINION AND ORDER**

Pending before the Court is American Express Travel Related Services Company's (hereinafter American Express), motions to dismiss the complaint and the amended complaint (Docket # 13), and the opposition thereto (Docket # 15).[1] After reviewing the filings and the applicable law, American Express's motion to dismiss will be **GRANTED.**

**Factual Background**

Plaintiffs are Brendalee Meléndez-Torres (hereinafter Meléndez), Ricardo J. La Menza-López (hereinafter Meléndez's husband), the Conjugal Partnership between them, and Co-Plaintiff Meléndez's mother, María de Lourdes Torres (hereinafter Torres). Plaintiffs' complaint alleged that Meléndez received a call from "an individual who identified himself as working for American Express", and that upon returning a call to the telephone number left by this individual (Mr. Gonzalo Delgado), Meléndez was told that she was responsible for the debt owed by her mother-in-law to American Express. See, Docket # 1, p. 3. The complaint further alleges that "the American Express agent" also told Meléndez that she was responsible for the payment of the debt owed by her mother-in-law, because Meléndez' name and address were included in her mother-in-law's application for credit. Id. Finally, the American Express' representative told Meléndez that if she failed to pay the total amount due ($9,250.00) by 3:00 p.m. of that day, her credit would be adversely

---

[1] American Express also replied to Plaintiffs' opposition in Docket # 17).

**Civil No. 06-1264(SEC)**                                                                                                              2
_____

affected. Because of this call and the allegedly false representations made to Meléndez by "the American Express representative" in violation of the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692 *et seq* (hereinafter the FDCPA), Meléndez and Torres paid the debt. Plaintiffs' complaint seeks redress for the monetary and moral damages suffered as a result of Defendants' alleged non compliance with the FDCPA.

Plaintiffs' original complaint named American Express and several John Does as defendants. On June 12, 2006, Plaintiffs requested, and were granted, leave to amend the complaint to substitute one of the unnamed defendants for OSI Collection Services, Inc. (hereinafter OSI). Plaintiffs' Amended Complaint stated that American Express was and is a corporation engaged in the credit card business, and that OSI and the unnamed defendants were entities who contributed to the damages suffered by Plaintiffs.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(6)*

Under Rule 12(b)(6), in assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957), quoted in Davis v. Monroe County Bd. of Ed., 119 S. Ct. 1661, 1676 (1999). See also, Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 52 (1st Cir. 1990) (dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory").

But "[a]lthough this standard is diaphanous, it is not a virtual mirage." Berner v.

Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Id. In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)). See also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Courts, moreover, "will not accept a complainant's unsupported conclusions or interpretations of law." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). "[I]t is enough for a plaintiff to sketch an actionable claim by means of a generalized statement of facts from which the defendant will be able to frame a responsive pleading." Langadinos v. American Airlines, Inc., 199 F.3d 68, 73 (1st Cir. 2000) (quoting, Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992) (internal quotation marks omitted)). In so doing, "a plaintiff can make allegations *either* on the basis of personal knowledge or on 'information and belief.'" Id.

**Applicable Law and Analysis**

American Express argues in its motion to dismiss that Plaintiffs' complaint does not set forth facts which would entitle them to obtain relief from American Express under the FDCPA. It contends that the FDCPA only applies to "debt collectors", that American Express is not a debt collector as defined by the act, and that Plaintiffs' complaint did not allege that American Express fit any of the exceptions provided by the FDCPA. We agree.

The FDCPA "prohibits deceptive and misleading practices by 'debt collectors'". Carlson v. Long Island Jewish Med. Center, 378 F. Supp. 2d 128, 130 (E. D. N. Y. 2005)(hereinafter Carlson); see also, 15 U.S.C.A.§ 1692e. Thus, in order to determine whether a named defendant is subject to the provisions of the FDCPA, the Court must first

decide whether the named defendant is a debt collector, as defined by said act. Section 1692a of the FDCPA defines the term debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or ... due **another**." 15 U.S.C.A. § 1692a(6)(our emphasis). As such, the creditor is usually not subject to the prohibitions of the FDCPA. See, Carlson, 378 F. Supp. 2d at 131; see also, Maguire v. Citicorp Retail Services, Inc., 147 F. 3d 232, 235 (2d. Cir. 1998); Harrison v. NBD, Inc., 968 F. Supp. 837, 841 (E. D. N. Y. 1997). The FDCPA's exclusion of creditors is premised on

> "Congress recogniz[ing] that the activities of creditors seeking to collect their own debts are restrained by the creditors' desire to retain their good will (sic) with consumers... [while] [t]hose collecting debts due to (sic) another were thought to be not similarly restrained... and more likely to engage in the type of unscrupulous activities the [FDCPA] seeks to prevent." Carlson, 378 F. Supp. 2d at 131.

Consistent with this reasoning, the FDCPA also excludes from liability "any officer or employee of a creditor while, in the name of creditor, collecting debts for such creditor." 15 U.S.C.A. § 1692a(6)(a). The exclusion also benefits those who meet the definition of debt collector but who are "related by common ownership or affiliated by corporate control, if the person acting as debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts." 15 U.S.C.A. § 1692A(6)(b).

Notwithstanding the general rule that creditors are not subject to the FDCPA, the act recognizes an exception. The term debt collector "includes any creditor who, in the process of collecting his own debts, uses any **name other than his own** which would indicate that a third person is collecting or attempting to collect such debts." Id.(our emphasis). Imposing liability in these situations is in accord with the rationale behind the FDCPA's exclusion of creditors, because when the creditor uses a name other than its own in collecting its debts

**Civil No. 06-1264(SEC)**                                                                                                           5
_____

"the motivation to protect [its] good will (sic) is absent and the likelihood for abusive debt collections practices returns... [t]hus, a creditor may be found liable... if in the course of collecting its own debts, it 'pretends to be someone else' or 'uses a pseudonym or alias.'" Carlson, 378 F. Supp. 2d at 131; see also, Maguire, 147 F. 3d at 235. In determining whether a creditor used a fictitious name to collect its own debt, the relevant question is "whether the least sophisticated customer would have the false impression that a third party was collecting the debt." Id. As such, to avoid falling within the FDCPA definition of debt collector, a creditor "should use the name under which it usually transacts business, or a commonly-used acronym." Id.

     Because the motion pending before the Court is a motion to dismiss, we must determine whether the facts alleged in the complaint are sufficient to bring American Express under the definition of a debt collector. We believe that they are not. Nowhere in Plaintiffs' complaint does it state that American Express is in the business of collecting the debts due another. To the contrary, the Amended Complaint states that American Express "is a corporation engage[d] in the credit car[d] business." Docket # 11 at p. 2. It further concedes that the amount being collected was due American Express. Furthermore, the Amended Complaint goes on to state that the person who placed the call identified himself as working for American Express, or as an American Express's representative. These factual allegations fit squarely under the general rule that a creditor is not to be considered a debt collector when it is "in the process of collecting his own debts."15 U.S.C.A. § 1692a(6).

     Furthermore, Plaintiffs have not alleged that when the "American Express representative" called they had the impression that a third party, other than American Express, was involved in the collection of American Express's debt. We refuse to conclude that this gap in Plaintiffs' complaint is without consequence. See, Doherty v. Citibank, 375 F. Supp. 2d 158, 162 (E.D. N. Y. 2005)(hereinafter Doherty)(holding that Plaintiff's failure to allege that the creditor used another name or alias in an attempt to collect the debt in

**Civil No. 06-1264(SEC)**                                                                                                               6
_____

question was fatal to their complaint against creditor). *Cf.* Maguire, 147 F. 3d at 235)(holding that creditor was liable under the false name exception because the least sophisticated customer could have been under the impression that a third party was involved because the letter sent by creditor (Citicorp) contained a different letterhead (Debtor Assistance) than the one used in the creditor's monthly statements).

      Plaintiffs' complaint repeatedly concedes that the amount being collected was due American Express and that at all times Mr. Delgado identified himself as working for American Express. Under this factual scenario, holding that American Express is a debt collector, or that it attempted to collect its debt using a name other than American Express, would result in eliminating *de facto* the FDCPA's exclusion of creditors and their employees. The practical result of that determination would be that every time an employee of the creditor calls a customer, identifies himself as working for the creditor, and tries to collect a debt owed the creditor, it would be subjecting the creditor to a claim under the FDCPA, despite the act's clear exclusion of creditors and their officers or employees from its realm. See, Aubert v. American General Finance, Inc., et al, 137 F. 3d 976, 978 (7th Cir. 1998)(FDCPA excludes creditors using their own name to collect their debts because they have an interest to preserve their goodwill, which serves as a natural restraint against the abusive practices that the FDCPA is aimed to eliminate).

      Plaintiffs' opposition to American Express's motion to dismiss argues that dismissal is not proper at this stage because "the development of the discovery process is necessary to gather information regarding American Express (sic) relationship with Mr. Delgado and OSI Collection Services, Inc." Docket # 15, p. 2. We disagree because nowhere in Plaintiffs' complaint does it state that Mr. Delgado identified himself as working for anyone other than American Express. Besides, the false name exception is intended to remedy those instances where a creditor gives the false impression that a third party, other than the creditor, is collecting the debt, as opposed to those instances where in fact a third party is collecting the

**Civil No. 06-1264(SEC)**                                                                                                          7
_____

debt but it identifies itself as the creditor.

In any event, if discovery revealed that Mr. Delgado was an employee of American Express, both American Express and Mr. Delgado would be protected from liability by the FDCPA's exclusion of creditors and creditors' employees. See, 15 U.S.C.A. § 1692a(6) & 1692a(6)(a). If Mr. Delgado was an employee of OSI and OSI was a debt collector, this would not result in American Express being held liable for OSI's acts in violation of the FDCPA. Creditors are not vicariously responsible for violations incurred by collection agencies hired by them, since concluding the contrary "would be to eliminate the distinction Congress clearly intended to make between creditors and independent debt collectors." Claussen v. Chase Manhattan Visa, 1989 W.L. 87996 at * 1 (D. Ks. 1989), see also, Doherty, 375 F. Supp. 2d at 162 (stating that a creditor that is not itself a debt collector is not responsible for the actions of a debt collector it has engaged to collect its debts).

Therefore, we conclude that Plaintiff's complaint failed to state a cause of action against American Express pursuant to the FDCPA. American Express's request that the Court dismiss Plaintiffs' claims under the FDCPA is hereby **GRANTED.** As such, Plaintiffs' claims against American Express pursuant to the FDCPA are hereby **DISMISSED WITH PREJUDICE**.

Because Plaintiffs have not specified any Puerto Rico law under which they would be entitled to a remedy for the actions allegedly taken by American Express, the Court does not read Plaintiffs' complaint as including pendent state law claims. In any event, had Plaintiffs intended to raise claims under Puerto Rico law against American Express, we conclude their dismissal is appropriate, taking into account the early stage at which the federal claims against American Express have been dismissed. See, Newman v. Burgin, 930 F. 2d 955, 963-964 (1st Cir. 1991)(holding that "the power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one substantial federal claim in the lawsuit... [and] the district court has considerable authority whether or

**Civil No. 06-1264(SEC)** 8
_____

not to exercise this power, in light of such considerations as judicial economy, convenience, fairness to litigants, and comity). Accordingly, Plaintiffs' state law claims against American Express are hereby **DISMISSED WITHOUT PREJUDICE.**

      **SO ORDERED.**
In San Juan, Puerto Rico, this 22th day of March, 2007.

                          S/ *Salvador E. Casellas*
                          SALVADOR E. CASELLAS
                          U.S. Senior District Judge